JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-08500-RGK (RZx) | Date | March 12, 2013 |
|---|---|---|---|
| Title | Miller et al. v. City of Santa Monica | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| S. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiffs' Motion for Leave to File a First Amended Complaint (DE 22) & Remand Order

## I.     FACTUAL BACKGROUND

On September 24, 2012, Craig Miller, MZA Events, Inc., Lisa Brisse, and Paloma Bennett ("Plaintiffs") filed a Complaint in Los Angeles Superior Court against the City of Santa Monica ("Defendant"). Plaintiffs' Complaint alleges violation of their rights to Free Speech and Equal Protection under both the California and U.S. Constitutions. On October 3, 2012, Defendant removed the case to this Court.

Presently before the Court is Plaintiffs' Motion for Leave to File a First Amended Complaint. For the following reasons the Court **GRANTS** Plaintiffs' Motion. Also, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claim for violation of the California Constitution, and **REMANDS** the case to the Los Angeles Superior Court.

## II.    JUDICIAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a) ("Rule 15(a)"), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a).

Pursuant to Federal Rule of Civil Procedure 15(b), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(b). The Ninth Circuit has applied this policy with "extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th

Cir. 1982). Four factors are commonly used to determine the propriety of a motion for leave to amend. These are (1) undue prejudice to the opposing party by virtue of allowance of the amendment; (2) undue delay; (3) bad faith or dilatory motive; and (4) futility of amendment. *Id.*

### III.  DISCUSSION

#### A.  Plaintiffs' Request for Leave to File a First Amended Complaint

Plaintiffs request leave to amend their Complaint to allege additional facts and to withdraw their claims for violation of the U.S. Constitution. Plaintiffs' Motion is unopposed. The last day to motion the Court to amend the pleadings is April 15, 2013.

Plaintiffs have diligently sought leave to amend their Complaint in good faith. Further, there is no evidence suggesting that Defendant will be prejudiced by the amendment. Therefore, the Court **GRANTS** Plaintiffs' Motion for Leave to File a First Amended Complaint.

#### B.  This Action is Remanded

In the First Amended Complaint, the only remaining claims are for violations of the California Constitution. Because Plaintiffs have withdrawn all claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining claims. Accordingly, this action is **REMANDED** to state court.

### IV.  CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiffs' Motion for Leave to File a First Amended Complaint. The Court also **REMANDS** this case to the Los Angeles Superior Court for all further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer